```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES TARBY, | Hon. Noel L. Hillman |
| Plaintiff, | Civil No. 16-1367 (NLH/AMD) |
| v. |  |
|  | **OPINION** |
| B.J. MCGLONE & CO., INC., |  |
| Defendant. |  |

APPEARANCES:

    DRAKE P. BEARDEN, JR.
    COSTELLO & MAINS, LLC
    1800 Horizon Way, Suite 800
    Mount Laurel, New Jersey 08054
        *Attorney for Plaintiff*

    KELLY D. GUNTHER
    JESSICA L. SUSSMAN
    JACKSON LEWIS P.C.
    766 Shrewsbury Avenue
    Tinton Falls, New Jersey 07724
        *Attorneys for Defendant*

HILLMAN, District Judge:

    This suit concerns New Jersey Law Against Discrimination ("NJLAD") claims stemming from an employment dispute between Plaintiff James Tarby and Defendant B.J. McGlone & Co., Inc. Presently before the Court is Plaintiff's Motion to Remand the case to the Superior Court of New Jersey, Gloucester County, Law Division. The question presented is whether Plaintiff's state law claims are completely pre-empted by Section 301 of the

federal Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). The Court concludes that the claims are not completely pre-empted; therefore the Motion to Remand will be granted. However, Plaintiff's attendant request that the Court impose fees and costs pursuant to 28 U.S.C. § 1447(c) for improper removal will be denied.

## I. BACKGROUND

Plaintiff James Tarby brings this lawsuit following his termination from employment on or about October 26, 2014. (Compl. ¶ 13). Plaintiff claims age harassment and contends that his termination came about as a result of age discrimination. (Id. ¶¶ 19, 23). Specifically, Plaintiff alleges that Defendant B.J. McGlone & Co., Inc. ("Employer") is liable for his harm. (Id. ¶¶ 2, 21, 22, 25).

In total, Plaintiff asserts three claims against Defendant. These claims are as follows:

- Count 1: Age Harassment in Violation of the NJLAD, N.J.S.A. 10:5-1;

- Count 2: Age Discrimination in Violation of the NJLAD; and

- Count 3: Request for Equitable Relief, Court Declaration, Equitable Reinstatement, with Equitable Back and Front Pay

(Compl. ¶¶ 27, 29, 32, 34).

On January 7, 2016, Plaintiff filed his Complaint in the Superior Court, Gloucester County, docket number L-22-16. Defendant was served with process on February 10, 2016. (Defs.

2

Am. Notice of Removal ¶ 2).  On March 10, 2016, Defendant's Original Notice of Removal was timely filed, pursuant to 28 U.S.C. § 1446(b). (Pl.'s Br. at 2).  Defendant alleged this Court had original jurisdiction over Plaintiff's claims under the doctrine of complete pre-emption subject to § 301 of the LMRA, codified at 29 U.S.C. § 185, thus presenting a federal question pursuant to 28 U.S.C. § 1331. (Defs. Original Notice of Removal ¶ 10).

Dissatisfied jurisdiction was met, this Court ordered Defendant to amend its notice of removal to comply with 28 U.S.C. § 1331 on April 5, 2016. (Dkt. No. 8).  On April 15, 2016, Defendant filed an Amended Notice of Removal. (Dkt. No. 10).  In its brief, the Defendant contended Plaintiff's legal claims were covered by a collective bargaining agreement ("CBA") that governed Plaintiff's employment with Defendant, and thus required interpretation of the agreement's provisions. (Defs. Am. Notice of Removal ¶¶ 10, 16, 20, 21).  Plaintiff has opposed removal, alleging that his claims were not pre-empted by the LMRA. (Pl.'s Br. at 2).  Plaintiff filed a Motion to Remand on May 13, 2016. (Dkt. No. 14).

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction which possess "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S.

375, 377 (1994) (citing Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992)); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  It is presumed that a cause of action lies outside of this limited jurisdiction and this presumption places a burden upon the removing party to establish federal jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1991).  The federal removal statute permits a defendant to remove a civil action from state court to the district court when the district court has original jurisdiction over the action and the district court geographically encompasses the state court where the action was originally filed. 28 U.S.C. § 1441(a).  However, once the case has been removed, the court may nonetheless remand it to state court if the removal was procedurally defective or "subject matter jurisdiction is lacking." 28 U.S.C. § 1447(c); Costa v. Verizon N.J., Inc., 936 F. Supp. 2d 455, 458 (D.N.J. 2013).  The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Boyer, 913 F.2d at 111 (citing Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

### III. DISCUSSION

A.  The Court lacks jurisdiction because the claims are not completely pre-empted.

4

Section 1331 of Title 28 of the United States Code provides the district courts with original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.  Generally, "determining whether a particular case arises under federal law turns on the 'well-pleaded complaint' rule." Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 9-10 (1983)).  Under this rule, subject-matter jurisdiction as described under 28 U.S.C. § 1331 may only be granted when a federal question is presented on the face of the complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

However, there is an exception to the well-pleaded complaint rule "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."[1] Ben. Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).  The Supreme Court has held that section 301 of the LMRA is one such statute; possessing pre-emptive force so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim." Caterpillar, Inc., 482 U.S. at 393

---

[1] This exception exists because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." Ben. Nat'l Bank, 539 U.S. at 8.

5

(internal quotation marks omitted) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987)).  Section 301(a) of the LMRA provides, in relevant part:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has made clear that the purpose and mandate of the LMRA is two-fold within the purview of federal judicial power: 1) confer federal jurisdiction; and, 2) authorize the fashioning of a body of federal common law for the uniform enforcement of collective bargaining agreements, with preference placed on the arbitral process. Textile Workers Union of Am. v. Lincoln Mills of Ala., 353 U.S. 448, 450-57 (1957) (reviewing the recorded indicia of legislative intent); see also Local 174, Teamsters of Am. v. Lucas Flour Co., 369 U.S. 95, 103 (1962) (stating "[t]he dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute").  Accordingly, "the Court has held that state laws that might produce differing interpretations of the parties' obligations under a collective bargaining agreement are pre-empted." Voilas v. GMC, 170 F.3d

6

367, 372 (1999) (citing Lucas Flour, 369 U.S. 95, 103-04 (1962)).

In Allis-Chalmers Corp. v. Lueck, 471 U.S. 202 (1985), the Court extended the reach of federal pre-emption in this area by holding the pre-emptive force of § 301 applicable to suits sounding in tort which implicate "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement." Id. at 211. The Court reasoned: "Any other result would elevate form over substance and allow parties to evade the requirements of § 301 by relabeling their contract claims as claims for tortious breach of contract." Id. That being said, the Lueck Court clarified that "not every dispute concerning employment, or tangentially involving a provision of a collective bargaining agreement, is pre-empted . . . [because] it would be inconsistent with congressional intent . . . to pre-empt state rules that . . . establish rights and obligations independent of a labor contract." Lueck, 471 U.S. at 212.

Two observations may be drawn from this review of Supreme Court cases in this field. Generally, "claims based squarely on a collective bargaining agreement or requiring analysis of its terms are pre-empted by section 301 and are removable to the federal courts;" while "[c]laims that are independent of a collective bargaining agreement, even if they are between

7

employees and employers, are not removable." Antol v. Esposto, 100 F.3d 1111, 1117 (3d Cir. 1996) (internal citations omitted).

A claim is "independent" of a collective bargaining agreement for § 301 purposes "as long as the state-law claim can be resolved without interpreting the [collective bargaining] agreement itself." Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409-10 (1987). Writing for a unanimous Court, Justice Souter summarized the Court's § 301 jurisprudence as follows:

> The pre-emption rule has been applied only to assure that the purposes animating § 301 will be frustrated neither by state laws purporting to determine "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement," nor by parties' efforts to renege on their arbitration promises by "relabeling" as tort-suits actions simply alleging breaches of duties assumed in collective-bargaining agreements.
>
> In Lueck and in Lingle . . ., we underscored the point that § 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law, and we stressed that it is the legal character of a claim, as "independent" of rights under the collective-bargaining agreement, . . . that decides whether a state cause of action may go forward. Finally, we were clear that when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished.

Lingle, 486 U.S. at 122-24 (citations and footnotes omitted).

In the instant case, Defendant contends that Plaintiff's state-law claims are subject to complete pre-emption under the

LMRA, granting this Court jurisdiction over Plaintiff's claims as though they arose under federal law.  Plaintiff counters that the LMRA does not extend to his NJLAD claims.

    We are not the first to confront this issue; our Court of Appeals has previously addressed the intersection of federal and state law in employment contract disputes. See N.J. Carpenters v. Tishman Constr. Corp., 760 F.3d 297, 306 (3d Cir. 2014) (finding § 301 "cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law"); Kline v. Sec. Guards, Inc., 386 F.3d 246, 256 (3d Cir. 2004) (identifying "dispositive question [in pre-emption analysis] is whether Appellants' state claims require an *interpretation* of a provision of the CBA"); Voilas v. GMC, 170 F.3d 367, 378 (3d Cir. 1999) (finding no pre-emption because plaintiff's "claim in this case is not directly based upon the [CBA] . . . nor will the resolution of the elements . . . require the interpretation of those bargaining agreements"); Cf. Antol v. Esposto, 100 F.3d 1111, 1117 (3d Cir. 1996) (finding pre-emption of plaintiff's Pennsylvania Wage Payment and Collection Law claims because the "suit [was] based 'squarely on the terms of the collective bargaining agreement')  (citing Wheeler v. Graco Trucking Corp., 985 F.2d 108, 113 (3d Cir. 1993)).

9

Similarly, there is no dearth of cases addressing the LMRA's lack of pre-emptive effect on the NJLAD among New Jersey District courts. In fact, "District of New Jersey courts have consistently determined that claims under the NJLAD are separate and independent from the terms of labor contracts." Naples v. N.J. Sports & Exposition Auth., 102 F. Supp. 2d 550, 553 (D.N.J. 2000). See also Sharkey v. Verizon N.J., Inc., No. 14-cv-02788, 2015 U.S. Dist. LEXIS 33165 (D.N.J. Mar. 18, 2015); Manos v. United Food & Commer. Workers Int'l Union, 9 F. Supp. 3d 473 (D.N.J. 2014); Coefield v. Jersey Cent. Power & Light Co., 532 F. Supp. 2d 685 (D.N.J. 2007); Gulick v. Ferreira Constr. Co., No. 06-cv-4069, 2007 U.S. Dist. LEXIS 12158 (D.N.J. Feb. 22, 2007); Patterson v. ExxonMobil Corp., 262 F. Supp. 2d 453 (D.N.J. 2003); Kube v. New Penn Motor Express, 865 F. Supp. 221 (D.N.J. 1994).

Here, Plaintiff seeks enforcement of his right not to be discriminated against under the state anti-discrimination law, "which defines the right without reference to any collective bargaining agreement." Patterson, 262 F. Supp. 2d 453, 466; N.J.S.A. 10:5-1. The NJLAD is "remedial legislation" that seeks to "eradicate[] the cancer of discrimination." Quinlan v. Curtiss-Wright Corp., 204 N.J. 239, 259-60 (2010) (citations omitted). Specifically Plaintiff claims Defendant impermissibly terminated Plaintiff's position due to age discrimination.

(Compl. ¶¶ 19, 23).  The CBA in question references race in terms of non-discrimination and omits age discrimination, which is protected under the NJLAD and asserted by Plaintiff. (CBA, Art. 7, ¶ 1).  Therefore, "[p]laintiff bases his cause of action solely on Defendant's alleged conduct, not the content or effect of the [CBA], as is his right as master of the complaint under governing Supreme Court precedent." Sharkey, 2015 U.S. Dist. LEXIS 33165, at *19.  Resolution of the NJLAD claim demands a court "to inquire into the facts and motivations of the parties relative to rights conferred by state law, not under the CBA, and pre-emption is therefore inapplicable to [p]laintiff's NJLAD claims." Manos, 9 F. Supp. 3d at 481.

Thus, the Court holds that Plaintiff's claims are not completely pre-empted by the LMRA.

B.   The Court declines to award fees and costs.

"An order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  The decision whether to award fees and costs is left to the discretion of the district court. See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely,

11

when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Thus, it is clear that a plaintiff is not automatically entitled to fees and costs simply because he has prevailed on a motion to remand.

The Court declines to award fees or costs in this case. The issue implicated in removal-- the application of the doctrine of complete pre-emption as it relates to federal question subject matter jurisdiction-- is not simple.  Moreover, while several judges within this District have addressed whether the LMRA completely preempts NJLAD claims, no controlling authority directly on-point exists.  Thus, the Court does not conclude that Defendant lacked an objectively reasonable basis for removal.

The Court will deny Plaintiff's request for fees and costs for improper removal.

## IV. CONCLUSION

For the aforementioned reasons, Plaintiff's Motion to Remand will be granted and the attendant request for fees and costs for improper removal will be denied.

\_\_\_s/ Noel L. Hillman\_\_
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey
Dated:   December 12, 2016